Stayton, Associate Justice,
The appellant rented land to Frank Kennedy for the year 1883, and during that year furnished him supplies to enable him to make a crop on the rented 'premises, which in value amounted to something over twenty 'dollars. Kennedy raised cotton on the rented land, which he had ginned and baled at a gin owned by his landlord. While the cotton was at the gin, Kennedy, by sample, sold it to *657 the appellee, in settlement of a debt due to him, and a small payment in cash. Appellee sent for the cotton, and the appellant refused to deliver it, but wrote a letter informing the appellee of his landlord’s lien on the cotton, and requesting him to come to see him, with a view to adjust the matter. The appellee went to see the appellant, who proposed to deliver the cotton if the appellee would pay him the sum for which he had a lien on the cotton, and this the appellee declined to do. The appellee was then informed that the appellant intended to assert his lien on the cotton, and to this he replied: “You have the advantage of me. I will have nothing more to do with the cotton, but will hold Kennedy responsible for my money.”
After this the cotton, with some that belonged to appellant, was taken to Mount Pleasant by Chapman and Kennedy, and that which belonged to Kennedy was sold for thirty-seven dollars and fifty cents, out of which Kennedy paid to appellant twenty dollars, and retained the balance himself. This all occurred during the year 1883.
On these facts a judgment was rendered in favor of the appellee for thirty-seven dollars and fifty cents and interest, besides cost of suit.
The ruling of the court below seems to have been made on the idea that the appellant had no rights, unless he enforced his claim against Kennedy by suit, to enforce his lien. That he had a landlord’s lien on the cotton, can not be questioned; and the utmost claim the appellee had was to so much of the proceeds of the cotton, sold at its fair value, as remained after satisfying the debt due by Kennedy to appellant." If, with a knowledge that Kennedy had sold the cotton to the appellee, Chapman had disposed of the cotton for a fair price, the appellee could not possibly have claimed from him more than such balance.
Whether the sale was made under a decree, with all proper parties before the court, or by Chapman or Kennedy, at private sale, the measure of relief to which the appellee would have been entitled would be the same; and, under the facts of the case, the appellee was not entitled to the judgment rendered in his favor, had he not led both Chapman and Kennedy to believe that he regarded the transaction between Kennedy and himself as canceled.
Kennedy and Chapman were both present when the appellee declared that he would have nothing more to do with the cotton, but would look to Kennedy for his money; and we are of opinion *658 that, after this, Kennedy was at liberty to dispose of the cotton if he saw proper to do so. The cotton, if not sold by Kennedy, was sold with his consent, and we are of the opinion that the appellee, by his declaration to which we have referred, is estopped, under the facts, from setting up any claim whatever to any part of the proceeds of the cotton; for he, in effect, declared the transaction between himself and Kennedy canceled, and if Kennedy, as he evidently did, consented to this, then it was no longer incumbent on either Chapman or Kennedy to see that all the value of the cotton, other than that necessary to pay the debt due to Chapman, was paid to the appellee.
Opinion delivered October 25, 1887.
The judgment of the district court will be reversed and here rendered in favor of the appellant, that he go hence without day and recover of the appellee all costs in this and the lower courts. It is so ordered.

Reversed and rendered.